Filed 12/17/15  P. v. Zetino CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263481 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. PA019262, PA007346 ) |
| v. | |
| JOSE GERMAN ZETINO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Cynthia L. Ulfig, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Jose German Zetino, appeals from an order denying his Penal Code[1] section 1170.18, subdivision (a) (section 1170.18) resentencing motion. We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 276-284.) On August 14, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wishes us to consider. No response has been received. We find no reasonably arguable contentions are raised by the order under review.

On October 25, 1991, defendant pled guilty to two counts of second degree robbery in violation of section 211. On July 14, 1995, defendant was convicted following a jury trial of one count of deadly weapon assault in violation of section 245, subdivision (a)(1). After the aggravated assault jury verdict was recorded, defendant admitted that his prior October 25, 1991 convictions were serious felonies pursuant to Penal Code section 667, subdivision (a). Defendant received a sentence of 25 years to life, plus a 5 year enhancement.

In his resentencing motion, defendant asserts his prior robbery convictions should be resentenced as misdemeanors under section 1170.18. In his resentencing motion, defendant relied upon section 490.2, subdivision (a) (section 490.2), which provides in pertinent part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." Defendant's resentencing motion, without citation to any evidence, contends his prior robbery convictions did not result in the taking of property worth more than $950.

---

[1]     Unless otherwise noted, future statutory references are to the Penal Code.

Section 1170.18 provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence . . . ." Section 1170.18 lists section 490.2 as one of the newly added sections that would qualify as a misdemeanor. Defendant here is in effect asserting his second degree robbery convictions would have been misdemeanors under section 490.2.

Section 490.2 is inapplicable here. The Court of Appeal considered a similar issue regarding a defendant convicted under Vehicle Code section 10851, subdivision (a) in *People v. Page* (2015) 241 Cal.App.4th 714, 717-720. In *Page*, the defendant asserted his conviction under Vehicle Code section 10851, subdivision (a) should be resentenced as a misdemeanor and also relied upon section 490.2. (*Ibid.*) The Court of Appeal disagreed and held: "On its face . . . Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (Pen. Code, § 490.2.) Vehicle Code section 10851 does not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle 'with or without intent to steal.' [Citations.] . . . Penal Code section 490.2 is simply inapplicable to defendant's conviction offense." (*People v. Page*, *supra*, 241 Cal.App.4th at p. 719, fn. omitted.)

Section 211 provides, "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Though both theft and robbery involve an unlawful taking, they are substantively not the same crime. Our Supreme Court held: "Robbery is . . . ""'a species of aggravated larceny.'"" [Citation.] Theft by larceny may be committed without force or the threat of violence and may be completed without the victim ever being present. [Citation.] To elevate larceny to robbery, the taking must be accomplished by force or fear and the property must be taken from the victim or in his presence." (*People v. Gomez* (2008) 43 Cal.4th 249, 254, fn. omitted; accord, *People v.*

3

*Williams* (2013) 57 Cal.4th 776, 786.) Robbery is a crime against property and person. (*People v. Gomez*, *supra*, 43 Cal.4th at p. 264; *People v. Ramos* (1982) 30 Cal.3d 553, 589 ["[T]he central element of the crime of robbery [is] the force or fear applied to the individual victim in order to deprive him of his property."].)

Section 490.2 applies only to theft. Robbery is not substantively the same crime as theft; they have materially different elements. Defendant's section 211 convictions would not have been misdemeanors under section 490.2. Defendant would not qualify for resentencing under section 1170.18. Even if section 490.2 applies, defendant bears the burden of proving the value of the property taken did not exceed $950. (*People v. Page*, *supra*, 241 Cal.App.4th at p. 719, fn. 2; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Defendant has not sustained his burden of proof in this regard.

The order denying defendant's resentencing motion is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


BAKER, J.

4